Avery, J.,
dissenting. Upon the merits of the controversy between these parties, I fully concur in opinion with my brethren. We were unanimous in the conclusion, after an investigation of the facts as shown by the testimony, and of the legal principles involved in the case, that the plaintiff in ejectment had no claim to a recovery; .and that the verdict for the defendant, as returned by the jury, was right. The deeds and various title papers, as well as the whole of the facts on both sides, embodied in the bill of exceptions, were before us; and they presented this as the only question in the case: in which of the parties to the suit is the legal right to the premises vested? or, more properly,.is it vested in the plaintiff? The bill of exceptions, after giving a minute statement of all the matters relating to the title, contained at the close of the detail of facts, the following expression, to wit: “No further evidence was offered or given by either of said parties, but both plaintiff and defendant rested the ease.”
Satisfied as we were with the finding of the jury, the judgment upon the verdict must have been affirmed, unless some error of the court had been disclosed, of sufficient consequence to call for a reversal. The only error supposed to be of that character, was found in a part of the charge to the jury, which is in these words: “ That the plaintiff had not shown or proved any title in or to said premises, and that he could not recover in this action — that the defendant had shown a good legal title to said premises, and was entitled to a verdict.” This was deemed, by a majority of the court, to be a fatal error, justify ing and requiring a reversal of the judgment. To the correctness of that opinion I could not assent. The instruction given in the case is called an invasion, by the court, of the province of the jury. I do not think it merits so grave a charge. Had not the whole of the facts, however, as they appeared upon the trial, been carried into the record, and been thus brought to our notice, I would have united in reversing the judgment. But, as the bill of exceptions embraces all the evidence, and shows conclusively that the plaintiff had not the title to the *336 premises in dispute, he could not sustain any injury by the error in the form of instruction adopted by the court. And if the error in the charge, instead of being objected to at the time, had been left to be discussed in reference to its effect upon the motion for a new trial, the judgment of this court, I apprehend, would be different from that which is now given. At all events, the same verdict would doubtless have been produced, and in a manner not subject to objection, by a slight change in the phraseology of the charge. The actual case might have been stated hypothetically, and the jury instructed, if the facts supposed were found by them to be true, to return a verdict for the defendant.
I think, therefore, upon principle, and according to the spirit of our own decisions, that the error in the charge should not work a reversal of the judgment.